**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-1611**

GW ACQUISITION CO., LLC,

> Plaintiff – Appellee,

and

MARY ANN GHADBAN; MAGLANDBROKER, LLC,

> Third Party Defendants – Appellees,

v.

PAGELAND LIMITED LIABILITY COMPANY; BARBARA BROWER; JON SANDERS BROWER,

> Defendants - Appellants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:22−cv−00255−LMB−JFA)

Argued: May 7, 2025                           Decided: June 9, 2025

Before WILKINSON, and KING, Circuit Judges, and Matthew J. MADDOX, United States District Judge for the District of Maryland, sitting by designation.

Affirmed by unpublished opinion. Judge Wilkinson wrote the opinion, in which Judge King and Judge Maddox joined.

2

**ARGUED:** Michael Weisbuch, AKIN GUMP STRAUSS HAUER & FELD LLP, San Francisco, California, for Appellants. Michael Edward Tucci, STINSON LLP, Washington, D.C.; F. Douglas Ross, ODIN FELDMAN & PITTLEMAN, PC, Reston, Virginia, for Appellees. **ON BRIEF:** James E. Tysse, Anthony T. Pierce, Miranda A. Dore, AKIN GUMP STRAUSS HAUER & FELD LLP, Washington, D.C., for Appellants.

Unpublished opinions are not binding precedent in this circuit.

WILKINSON, Circuit Judge:

This case involves a protracted struggle over a parcel of land in Prince William County, Virginia, a jurisdiction whose proximity to Washington makes the surrounding real estate especially valuable. Each of the parties to the appeal came to the case with different motivations, the common thread of which was not surprisingly money.

The appellants Barbara Brower and her son Jon Brower owned 131 acres of land which they desired to sell on the most favorable terms. Appellee Mary Ann Ghadban was a real estate broker whom Jon Brower enlisted to assist with the sale. Appellee GW Acquisition Co. ("GWA") is a real estate developer which wished to acquire the land as a site for a possible data center.

The case tells a story of lengthy contractual negotiations which left the Browers dissatisfied with the ultimate outcome. They brought suit in the Eastern District of Virginia alleging an endless litany of contract and tort claims which the district court rejected in a sound and thorough opinion on cross-motions for summary judgment. J.A. 1750–1807. The claims the Browers raise on this appeal were rejected for two essential reasons.

The first was that Jon Brower and not Ghadban or GWA was the party at fault and the one that breached his contractual obligations. Brower, for example, had signed a Purchase and Sale Agreement with GWA which obligated him, among other things, to assist GWA in obtaining the County's approval of the land's rezoning. Specifically, the PSA required Brower "to actively and fully support and cooperate with [GWA] . . . in pursuing and obtaining the approval of the Data Center Rezoning, including promptly signing such documents as may be required in connection with obtaining such approval."

3

J.A. 216. The rezoning was central to the entire transaction and Brower, far from assisting the process, stood in its way. In fact, Brower failed to sign the necessary documents that would permit GWA to timely file its rezoning application. The only reason Brower eventually signed was because the district court directly ordered him to do so. J.A. 970.

Brower attributed his dissatisfaction with the price he received for the land to the fact that he was duped by Ghadban who failed to apprise him of more remunerative competing offers, most notably one from Chuck Kuhn. Once again, Brower's claim runs afoul of undisputed facts. As the district court noted, Ghadban repeatedly told Brower that if he was not happy with the GWA offer, he should not sign the PSA but rather pursue the proposal from Mr. Kuhn. The trial court listened to their tape recorded meeting at which Ghadban said to Brower that if you're not happy, then get out of the deal. To all of which, Brower responded "Fair enough. I mean yeah. That's fair enough. Can't complain about that." J.A. 1192–93.

We find no merit in the innumerable assignments of error that appellants advance. At the end of the day, the district court recognized this case as one of seller's remorse and refused to allow the typically tough contractual bargaining in Northern Virginia land deals to disintegrate into a miasma of tort and fraud claims for which there was no fair evidentiary support. We adopt the district court's reasoning, commend that court for its fine efforts, and affirm its judgment.

*AFFIRMED*

4